*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LUP/NRBT, Minors.

UNPUBLISHED
March 09, 2026
12:40 PM

No. 375337
Wayne Circuit Court
Family Division
LC No. 2009-488962-NA

Before: WALLACE, P.J., and GARRETT and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals from the order terminating her parental rights to her two children, LUP and NRBT, under MCL 712A.19b(3)(b)(*ii*), (i), and (j). While not challenging the statutory grounds, respondent argues that termination of her parental rights was not in the children's best interests. We affirm the order of the trial court.

## I. BACKGROUND

Respondent is the biological mother of LUP and NRBT. In August 2023, during a Kids-TALK interview, LUP reported that she had been sexually assaulted by respondent's ex-boyfriend and other men in her life. The assaults occurred when LUP was between five and eight years old. She stated that respondent was aware and present for some of the assaults but had done nothing to prevent them from happening. LUP said she told respondent about the assaults, but respondent denied that they happened. LUP also reported other misbehavior by respondent. She claimed that when NRBT was under the age of one and LUP was under seven, respondent regularly left them at home unsupervised. LUP stated that respondent drank beer and liquor and used what LUP called "a crack thing." LUP also reported that respondent had tried to suffocate her with a pillow. Notably, respondent's parental rights to three other children had been previously terminated.

Petitioner, the Department of Health and Human Services, filed a petition to terminate respondent's parental rights at the initial disposition. LUP was released to her father, and NRBT was placed in foster care with a paternal relative. The trial court ultimately found that it had jurisdiction over LUP and NRBT under MCL 712A.2(b)(1) and (2) and that statutory grounds for termination existed under MCL 712A.19b(3)(b)(*ii*), (i), and (j). Further, the court found by a

-1-

preponderance of the evidence that termination was in the best interests of both LUP and NRBT. Respondent now appeals.

## II. STANDARD OF REVIEW

We review the trial court's best-interest determination for clear error. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021). Factual findings are clearly erroneous when this Court has a firm and definite conviction that a mistake has been made. *Id.* Due regard is given to the trial court's special ability to observe the witnesses. *Id.*

## III. ANALYSIS

Respondent argues that termination of her parental rights was not in the children's best interests. We disagree.

Even if a trial court finds statutory grounds for termination, "it cannot terminate the parent's parental rights unless it also finds by a preponderance of the evidence that termination is in the best interests of the children." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). A best-interest analysis should focus on the child, not the parent. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013). Relevant factors include:

> the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citation omitted).]

The trial court must consider a child's placement with relatives, which generally weighs against termination. *Gonzales/Martinez*, 310 Mich App at 434. Such placement, however, is not dispositive. *In re Mota*, 334 Mich App 300, 321; 964 NW2d 881 (2020). While the best interests of each child should be considered, individualized factfinding may not be required in all cases. *White*, 303 Mich App at 715-716.

The trial court considered multiple factors and ultimately concluded that termination of respondent's parental rights was in the children's best interests. It noted the lack of a bond between respondent and her children, respondent's inability to parent, respondent's inability to keep her children safe, and the children's need for permanency, stability, and finality. Although the trial court acknowledged the children's placement with relatives, it found that this factor was outweighed by the others.

The record supports the trial court's findings, and on appeal respondent does not dispute that statutory grounds for termination exist. Instead, respondent argues that termination was not in the best interests of the children because (1) the trial court weighed LUP's claims of sexual assault too heavily, (2) the trial court failed to give relative placement appropriate weight, and (3) the trial court did not appropriately weigh steps respondent has taken to improve her parenting

ability. None of these arguments establish that the trial court clearly erred in its best-interest analysis.

First, respondent argues that the trial court solely focused on LUP's claims of past sexual abuse and gave this factor too much weight. This argument is unpersuasive. While respondent denies the instances of sexual assault, the trial court found them credible, and "[i]t is not for this Court to displace the trial court's credibility determination." *In re HRC*, 286 Mich App 444, 460; 781 NW2d 105 (2009). On appeal, respondent does not challenge the credibility finding but instead contends that the court afforded it too much weight in its best-interest analysis. We disagree. LUP's allegations bear directly on respondent's ability to ensure her child's safety, and respondent's continued denial reflects a failure to acknowledge and address the underlying concerns. Protecting a child from harm is a fundamental parental responsibility, and the trial court did not give this factor inappropriate weight in its best-interest determination.

Next, despite respondent's claims to the contrary, the trial court did properly consider relative placement. The trial court explicitly considered the children's relative placements at the best-interest hearing, as required. *Gonzales/Martinez*, 310 Mich App at 434. The trial court found that the relative placements were outweighed by the sexual abuse of LUP and respondent's denial of the abuse. Relative placement is not a dispositive factor, and the trial court maintained discretion in its best-interest evaluation.

Finally, respondent contends that the trial court did not give proper weight to certain steps respondent has taken to improve her parenting ability. Respondent states that she has appropriate housing, completed 12 hours of parenting classes, completed a psychological evaluation, and is attending counseling. While such steps are commendable, they do not demonstrate clear error by the trial court. The trial court "should weigh all the evidence available to determine the child's best interests." *In re White*, 303 Mich App at 713. The trial court found that the allegations of sexual assault, the stability and permanency of the relative placement, the lack of a bond between the children and respondent, and respondent's lack of parenting ability all weighed in favor of termination. Despite respondent's recent steps to improve her parenting ability, the trial court's decision to terminate her parental rights was not clearly erroneous.

Considering all the best-interest factors, the trial court did not clearly err in finding that termination was in the children's best interests. *White*, 303 Mich App at 709, 713. Though both children were in relative placements, the trial court appropriately weighed against that fact respondent's failure to respond to LUP's allegations of sexual abuse. Respondent failed to protect her children from harm, left them home alone, and exposed them to her drug use. The children were placed in safe and stable family environments. Accordingly, a preponderance of evidence supported the court's best-interest finding, and we discern no definite and firm conviction that a mistake was made.

Affirmed.

/s/ Randy J. Wallace
/s/ Kristina Robinson Garrett
/s/ Matthew S. Ackerman

-3-